# THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Teresa M. Gaffney,
 Individually,
Sarah K. Sussman,
Individually, and as,
Trustee of the
Sussman Family Trust,
Plaintiffs
vs.

Case No.:
CIVIL RIGHTS COMPLAINT

42 U.S.C. 1983, 1985
Fifth and Fourteenth
Amendments;

Florida Constitution:
Article I, section 9,
Article X, section 4
Fla.Stat. 817.535
Common Law Claims
<u>Trial by Jury Requested</u>

Chad Chronister, in his individual and official capacity as Sheriff of
HCSO;  Hillsborough County Sheriff's Office (HCSO); Jason
Gardillo, in his individual capacity and in his official
capacity as an agent/employee of HCSO;
Deputy Jonathan Carlton, individually and as an agent, employee of
HCSO;  Corporal Gary Harris, individually and as an agent,
employee of HCSO;
Phillip A. Baumann, in his individual capacity, as the putative
administrator ad litem and as a Partner in Baumann/Kangas Estate
Law;
Michael Ryan Kangas, in his individual capacity and as a Partner in
Baumann/Kangas Estate Law;
Baumann/Kangas Estate Law,

**Defendants.**

PRO SE:

*/s/ Teresa M. Gaffney*

Teresa M. Gaffney, Pro Se

P.O. Box 18112

Tampa, Florida 33679

Tel.: (813) 287-1159

e-mail: dovsussman91@gmail.com


*/s/ Sarah K. Sussman*

Sarah K. Sussman, Pro Se

P.O. Box 18112

Tampa, Florida 33679

Tel.: (813) 287-1159

e-mail: dovsussman91@gmail.com



ATTORNEYS FOR PLAINTIFFS:

James J. Macchitelli

Illinois Bar Number 6208773

1501 Perimeter Drive #400

Schaumberg, Illinois 60173

(847)-414-4532

jimmymacclaw@gmail.com

To be admitted *Pro Hac Vice*


*/s/ Dov Sussman, Esq*

Dov Sussman

Dov Sussman, P.A.

FBN:518920

P.O. Box 18112

Tampa, Florida 33679

Tel.: (813) 287-1159

e-mail: dovsussman91@gmail.com

Note: Attorney Sussman has a limited role due to severe health issues.

## COMPLAINT

NOW COMES, Teresa M. Gaffney, Individually, Sarah K. Sussman, Individually, and Sarah K. Sussman as Trustee of the Sussman Family Trust, by and through their undersigned attorneys and files these claims as to Jason Gordillo, in his individual capacity and as an agent, servant and employee of Hillsborough County Sheriff's Office (HCSO); Deputy Jonathan Carlton, individually and as an agent, employee of HCSO; Corporal Gary Harris, individually and as an agent, employee of HCSO; Sheriff Chad Chronister, in his official capacity as Sheriff of HCSO; Hillsborough County Sheriff's Office (HCSO); HCSO; Phillip A. Baumann, in his individual capacity, as the putative administrator ad litem and as a Partner in Baumann/Kangas Estate Law; Michael Ryan Kangas, in his individual capacity and as a Partner in Baumann/Kangas Estate Law; and Baumann/Kangas Estate Law.

The Plaintiffs request Trial by Jury on all counts in which Trial by Jury is available.

## JURISDICTION AND VENUE

3

*1.* This is an action for injunctive relief and damages pursuant to *42 U.S.C., sections 1983, 1985* based upon the continuing violations of Plaintiffs' rights under the *Fifth and Fourteenth Amendments to the United States Constitution*. Jurisdiction exists pursuant to *28 U.S.C., sections 1331 and 1343*, based upon *42 U.S.C., section 1983, 42 U.S.C., section 1985* and questions of federal constitutional law. Jurisdiction also exists under the *Declaratory Judgment Act, 28 U.S.C., sections 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C., section 1367.*

2. Venue is proper in the Middle District of Florida, [Tampa Division], in that the events and conduct complained of herein all occurred in the Middle District of Florida, [Tampa Division]. Damages are in excess of One Million Dollars ($1,000,000.00).

### The Parties

3. The Plaintiff, Teresa M. Gaffney is a resident of Hillsborough County, Florida. The Plaintiff, Sarah K. Sussman is a legal resident of Hillsborough County, Florida; The Plaintiff, The Sussman Family Trust is a Florida Trust whose Trustee, is Sarah K. Sussman; The Sussman Family Trust is a trust formed under the Laws of the State of Florida.

4. The Defendants are: Jason Gordillo, in his individual capacity and as an agent, servant and employee of Hillsborough County Sheriff's Office (HCSO); Deputy Jonathan Carlton, individually and as an agent, employee of HCSO; Corporal Gary Harris, individually and as an agent, employee of HCSO; Sheriff Chad Chronister, in his official capacity as Sheriff of HCSO; Hillsborough County Sheriff's Office (HCSO); Phillip A. Baumann, in his individual capacity, as the putative administrator ad litem and as a Partner in Baumann/Kangas Estate Law; Michael Ryan Kangas, in his individual capacity and as a Partner in Baumann/Kangas Estate Law; and Baumann/Kangas Estate Law.

## **STATEMENT OF FACTS**

5. The underlying litigation evolves from an action filed approximately one year beyond the Statute of Limitation in the Circuit Court in and for Hillsborough County and otherwise referenced as Case No.: 14-CA-3762. (hereinafter referenced as, "3762"). The Plaintiffs in this matter, (Defendants below), uncovered the theft of approximately $1,000,000.00 from the Estate of John J, Gaffney. The theft of assets, which was documented, was the work of the Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant Baumann/Kangas Estate Law, and such misconduct was brought to the attention of the Court.

6.  The listed Defendants, in this action, acting in collusion, have statutory liability as well as common law, (state claims), liability for the actions and transgressions set forth in this complaint. Defendant Jason Gordillo, Defendant Sheriff Chad Chronister, Defendant HCSO; Defendant Deputy Jonathan Carlton, Defendant Corporal Gary Harris, Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas, and Defendant Baumann/Kangas Estate Law, together with additional and currently unknown/unnamed personnel, conspired, combined and colluded to deprive the Plaintiffs of their property, their reputation and their Federal and State Constitutional rights under color of law in contravention of the *5th and 14th Amendments to the U.S. Constitution and of those rights enumerated under the Florida Constitution, including but not limited to: Article I, section 9 and Article X, section 4.*

7.  At all times relevant the Defendants caused, as to the Plaintiffs a deprivation of rights and privileges secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Florida, as applicable to the Plaintiffs.

8.  At all times relevant the acts complained of in this complaint were caused by the Defendants under color of law.

9.  The undisputed facts are that on October 25, 2017 the Plaintiffs were

unlawfully evicted from the Homestead Property belonging to the Plaintiffs in violation of Article I section 9 of the Florida Constitution and Article X Section 4 of the Florida Constitution as well as the provisions of HCHRO. The Plaintiffs were further denied the protections afforded them under the 5th and 14th Amendments to the United States Constitution, under color of law, as part of the collusive conduct of the parties named as Defendants herein.

10. The unlawful eviction arose from a lawsuit filed in the state court after the expiration of the statute of limitations; the state court never had Subject Matter Jurisdiction and the state court filers lacked standing. To achieve this goal, the Defendants colluded, conspired and combined to bring about their unlawful purpose and took the necessary steps to perfect their conspiracy. Having utilized an unlawful means to effectuate an unlawful goal the Defendants confiscated the property of the Plaintiffs; the Defendants then conspired, combined and colluded to obtain attorney fees and costs against Teresa Gaffney and Sarah Sussman on a flawed judgment in a case which the Court and Michael Ryan Kangas, counsel for the administrator ad litem, i.e., Baumann, described as "dead on arrival", i.e., meritless. The collusive and conspiratorial actions taken by the Defendants, individually and as a collective body, were taken in furtherance of a conspiracy to seize valuable property from the Plaintiffs. There was no jurisdictional ambit of authority

for the actions set forth in this complaint. The actions were taken under color of law so that the Defendants, individually and collectively, could successfully defraud the Plaintiffs and punish the Plaintiffs for exposing the theft of property by Defendant Phillip A. Baumann, Defendant Michael Ryan Kangas and Defendant Baumann/Kangas Estate Law and other related acts effectuated in contravention of the law and which acts were set in motion under color of law.

11. Without a hearing and/or opportunity to be heard, the Defendants unlawfully seized and expropriated the Homestead Property and personal property of the Plaintiffs. The Defendants in furtherance of the conspiracy to defraud, seize and expropriate the Homestead Property/Residence of the Plaintiffs, collectively, granted relief in the clear absence of jurisdiction, which relief was not sought in any pleadings knowing that such relief was in contravention of the Florida Constitution, Florida Statutes, Florida caselaw, the U.S. Constitution, the U.S. Code and Federal cases involving the Florida Homestead exemption, *(Article X, section 4),* Advisory opinions that have been sought by the 11th Circuit Court of Appeals from the Florida Supreme Court. The legal research performed by the Plaintiffs covering approximately 150 years of jurisprudence has failed to disclose any case(s) supporting the actions taken by the Defendants to confiscate and expropriate the Homestead

Property/Residence belonging to the Plaintiffs.

12. The Court, in concert with the other Defendants, as well as presently unnamed Defendants, by its own admission, took the Homestead Property as a sanction in violation of *Article X Section 4* of the Florida Constitution. There was no legal or constitutional authority or statutory authority for this tyrannical act; there was simply the collusion of the named Defendants to seize the Homestead Property/Residence of the Plaintiffs for the personal aggrandizement of the Defendants. This act of expropriation was effectuated by the Defendants in the clear absence of any jurisdictional basis.

13. Defendant Kangas also admitted that the underlying state court lawsuit was "dead on arrival", i.e., meritless filing the lawsuit (3762) without due process of law. Defendant Kangas on a Probate Court Order, alleged to exist by Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann, and Defendant Baumann/Kangas Estate Law, which Probate Order does not exist. Defendant Phillip A. Baumann admitted under oath that the alleged Probate Order does not exist. Defendant Kangas is aware that the alleged Probate Order does not exist. Defendant Kangas has prevented the use of discovery to compel the proponents of the mythical order to produce same. In obstructing discovery calculated to disclose the non-existence of the mythical order, Defendant Kangas and Defendant Baumann have perverted the ends of justice

and has acted in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property/Residence of the Plaintiffs. **See Exhibit "1", Affidavit of Sheldon McMullen.**

14. The manufactured evidence includes, but is not limited to, the acceptance of false testimony under oath, which evidence was known to be false, the allowance of perjured testimony and disregard for the textual interpretation of the Constitution of the United States, the Constitution of the State of Florida and the Statutes of the State of Florida.

15. In addition to the misconduct discussed in this complaint, which misconduct is attributable to the Defendants, in their collusive and conspiratorial plan to disregard dispositive evidence, exculpatory in nature, to wit: reports, affidavits, testimony, et cetera, that should have been utilized by the Defendants.

16. As a proximate and direct result of the numerous instances of documented misconduct the Plaintiffs have suffered egregious losses, will continue to suffer egregious losses, have been subjected to a meritless award of attorney fees and have suffered the loss of Homestead Property, personal property, chattels and other items associated with the family. The Plaintiffs have been defamed and such defamatory practices have been engaged in by the Defendants in conscious and deliberate disregard for the truth, with the

requisite scienter as to falsity of their calumny. But for the misconduct of the Defendants the devastation visited upon the Plaintiffs would not have occurred. Moreover, as set forth in the succeeding counts of this complaint there exist further and sundry damages attributable to the Defendants which damages are proximately and directly caused by the conduct of the Defendants in furtherance of their conspiracy to deprive the Plaintiffs of their Constitutionally protected rights and in contravention of those rights and privileges afforded to the Plaintiffs.

17. At all times relevant the Defendants were, individually and collectively, on notice as to the multiple instances of malfeasance attributable to each of the Defendants. At no time did any of the Defendants take action to enforce the law and thereby impede the violations occasioned by the actions complained of in this Complaint.

18. The Defendants at all times, individually and collectively lacked any basis to proceed against the Plaintiffs in the underlying action, i.e. 3762, or any of its progeny.

19. The Defendants at all times relevant lacked any basis to proceed against the Plaintiffs or in Bankruptcy Court or any adversarial proceeding in Bankruptcy court.

20. The Defendants at all times, individually and collectively lacked any basis to proceed against the Plaintiffs in the state appellate process or eviction proceedings with HCSO.

21. Defendant Michael Ryan Kangas stated under oath

> *The order authorizing Mr. Baumann, was on a petition to appoint an Administrator Ad Litem for the sole purpose of bringing a lawsuit against the*
>
> *[Plaintiffs].*

22. No such Order exists. The Order stated that

> *The purpose of the asset recovery suit, and the reason an Administrator Ad Litem was appointed*
>
> *in this case, is to seek recovery of estate assets*
>
> *to be administered in the probate case.*

23. Black Letter law establishes that an *inter vivos* deed is not an asset of the estate and the property owned by the Plaintiffs passed outside of the Estate of John J. Gaffney.

24. The Defendants at all times relevant lacked any basis in law and fact to proceed against the Plaintiffs in the underlying proceeding(s), i.e., 3762, and acted in the clear absence of jurisdiction. **See Exhibit "2", Affidavit of Steven Bellavigna.**

25. On 16 October 2017 the Court in 3762 entered a Final Judgment without a hearing, without any findings of fact and without any basis in law or fact. Based on the admissions by Defendant Michael Ryan Kangas that the case was meritless and dead-on arrival, the Order was entered without any jurisdictional basis and in the clear absence of all jurisdiction.

26. A writ of possession was entered by the Court in 3762 to seize the Homestead Property in contravention of Article X Section 4 of the Florida Constitution.

27. Plaintiff Sussman filed for Bankruptcy and her Homestead Property was subject to the Automatic Stay.

28. In violation of the Automatic Stay, HCSO enforced the Writ taking the Homestead Property; personal property of the Plaintiffs and caused the death of three pets.

29. The HCSO failed to provide any training materials or training courses to in house counsel relative to eviction proceedings.

30. The in-house counsel for HCSO, Defendant Gordillo, lacked, by his own admission in sworn testimony, any knowledge, training or experience relative to his position with HCSO regarding evictions and the effect of taking Homestead Property.

31. Defendant Gordillo admitted that he never reviewed the final order and could not identify and/or distinguish a motion to dismiss from a final order.

32. Defendant Gordillo testified that he was unfamiliar with the following concepts: final judgment, procedural motions or the Florida Constitution, i.e., Article X, section 4 (Homestead Exemption) and could not apply such concepts to facts before him.

33. The HCSO invaded the privacy of the Plaintiffs by failing to determine if the automatic stay was in place as to the Homestead Property.

34. Execution by a creditor, even a putative creditor, is not permitted under the Florida Constitution and is in contravention of Article X, section 4; execution by a creditor, even a putative creditor, is constitutionally invalid and offensive.

35. Further, the Order of 16 October 2017 unlawfully invalidated the deed transferring the Homestead Property to Plaintiff Sussman without jurisdiction and in the clear absence of jurisdiction and unlawfully accuses the Plaintiffs of exploitation of John J. Gaffney, without any evidence, and in disregard of the evidence submitted to the contrary.

36. The invalidation of the deed would have required a hearing; there was no hearing. The Defendants ran this scam sub rosa.

37. The Order of 16 October 2017 did not invalidate the deed between John J. Gaffney and Plaintiff Gaffney because there was no basis in law and fact. The invalidation of the deed could not have been done because the statute of limitations had run, and the Homestead Property purchased by Plaintiff Gaffney was never an asset of the Estate of John J. Gaffney.

38. HCSO evicted the family of the Plaintiffs from the Homestead Property and unlawfully detained the family member(s) residing in the Homestead Property.

39. Kangas/Baumann individually collectively and on behalf of their law firm conceived organized and implemented the above actions with the help, aid, knowledge and assistance of the co-defendants.

40. Knowing that the deed between John J. Gaffney and Plaintiff Gaffney was still valid, the Defendants unlawfully took the Homestead Property.

41. At all times relevant, the Homestead Property was and is owned by Sarah K. Sussman, Trustee of the Sussman Family Trust.

42. Execution by a creditor, even a putative creditor, is not permitted under the Florida Constitution as to Homestead Property.

43. The Defendant HCSO forcibly and unlawfully evicted the family of the Plaintiffs from the Homestead Property and unlawfully detained the family members residing in the Homestead Property.

44. In doing so the Defendant HCSO, its agents, servants and employees, subjected the family members of the residential property to false arrest.

45. Defendant Phillip A. Baumann and Defendant Michael Ryan Kangas individually collectively and on behalf of their law firm, Defendant Baumann/Kangas Estate Law, conceived organized and implemented the above actions with the help, aid, knowledge and assistance of the co-defendants.

46. The eviction was effected by Deputies of the Hillsborough County Sheriff's Office, (hereinafter collectively referenced as, "HCSO), under the instructions of Defendant Michael Kangas and Defendant Phillip Baumann.


### FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

I.   **Nature of the First Cause of Action:**

47. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-46, Statement of Facts, as set forth in the Complaint.

48. This is an action seeking Declaratory Relief pursuant to 28 U.S.C. sections 2201 and 2202. The Plaintiffs seek relief by way of a declaration that they have no liability, nor can such liability arise, in contravention of *Article X,*

*section 4* of the Florida Constitution, (Homestead Exemption), which would allow a trial court to accept an alleged, but un-proven putative creditor claim, as a basis to confiscate the Homestead Property of the Plaintiff in satisfaction of a non-existent and un-proven claim.

49. The subject property was at all times relevant Homestead Property, subject to the protections afforded Homestead Property as set forth at *Article X, section 4 of the Florida Constitution*. The Defendants at all times relevant conspired to confiscate the property and did so by way of an unlawful order issued by the Court in 3762 in furtherance of his, and his co-defendants goal of violating the civil rights of the Plaintiffs. **See Exhibit "3", Homestead Declaration.**

50. The Homestead Property is located in Hillsborough County, Florida and more fully described as:

ALL of Lot 30 and the South 31 Feed of Lot 29 of
KENTEL PARK SUBDIVISION, as per the recordation
In Plat Book 12 on Page 665 of the Public Records of
Hillsborough County, Florida.
The address is 119 South Clark Avenue,
Tampa, Florida 33609

51. On or about 4 April 2014, the Defendants conspired to utilize an order of the Probate Court which order was false and was known by the Defendants to be false.

52. The false order was utilized by the Defendants to empower third parties to evict the family in residence at the Homestead Property. The family was allowed 15 minutes to depart.

53. At the time of the unlawful eviction the property was classified as Homestead Property, The Property was classified as such from its construction in approximately 1971 and is so classified presently.

54. Neither the Defendants or their agents at any time held any right, title or interest in the subject property.

55. There is no caselaw extant in the State of Florida which would permit the taking of Homestead Property by a non-creditor under these facts.

56. The Court in 3762 stated that he caused the Homestead Property to be confiscated because the present Plaintiff Teresa Gaffney had violated his discovery order. In short, Defendants confiscated the Homestead Property of one of the present Plaintiffs as a sanction against a second present Plaintiff. The Florida Constitution does not permit the taking of Homestead Property as a sanction. There were no orders issued by the Court in 3762 relative to Teresa Gaffney as to discovery.

57. In furtherance of the concerted action of expropriation of Homestead Property the Defendants, as set forth in paragraphs 5-46, conspired in the expropriation of Homestead property and having admitted that the underlying

claim was "dead on arrival", (i.e., meritless), Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law caused to be awarded against the Plaintiffs a significant sum in the form of attorney fees which amounts to a disguised act of theft/extortion.

58. This Cause of Action is part of an action brought pursuant to 42 USC 1983, 1985 and which takes up several additional causes of action brought under the Florida Constitution and Florida Law.

59. It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter.

60. Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property. This statement was unchallenged by the presiding Defendants and/or adverse counsel. No testimony was offered by Defendant Michael Ryan Kangas in opposition to the referenced testimony. Defendant Michael Ryan Kangas cited this evidentiary submission in its pleadings without contrary argument.

61. A Notice of Homestead was filed and served as to the subject property by the holder/declarer of Homestead Status of the property confiscated.

62. No response or challenge to the Declaration of Homestead was offered by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann.

63. There are no cognizable facts which would undermine the Homestead Status of the subject property.

64. There is no cognizable law which would support the confiscation of Homestead Property by the Defendants in this matter under the controlling facts.

65. The Defendants subjected the Plaintiffs to conduct, as set forth above and throughout this complaint, that occurred under color of law. This conduct deprived the Plaintiffs of tights, privileges and/or immunities guaranteed under federal law and/or the U.S. Constitution.

**WHEREFORE,** The Plaintiffs, by and through undersigned counsel move this Court: (a) for a Declaration that the subject property was, and is, Homestead Property, as recognized by the Florida Courts, including without limitation the Florida Supreme Court; (b) pursuant to Article X, section 4 of the Florida Constitution Homestead Property cannot be confiscated by judicial whim; (3) the judiciary cannot amend the Constitution of the State of Florida; only the citizens of the State of Florida possess that authority.

## SECOND CAUSE OF ACTION

## Violation of Civil Rights---42 U.S.C., section 1983
## Due Process

66. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-46, Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in the Complaint.

67. As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law, and within the scope of their employment, deprived the Plaintiffs of their Constitutional right to Notice and Opportunity to be Heard as well as their right to a fair and impartial trial.

68. In the manner described more fully above, the Defendants prevented the taking of testimony by numerous key witnesses and deliberately ignored exculpatory evidence such as the affidavits of Gilbert Singer, Esq., J. Kevin Carey, Esq., and Teresa M. Gaffney, Esq. **Those affidavits are attached hereto as Plaintiffs Composite Exhibit "4".**

69. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs and constitutes a violation of 42 U.S.C section 1983.

70. The prevention of the admission of exculpatory evidence is a per se violation of the due process rights of the Plaintiffs in contravention of 42 U.S.C. section 1983 and where such obstruction of the due process rights of the Plaintiffs has been effectuated by the Defendants, in concert, constitutes conspiracy and as such is a violation of 42 U.S.C. section 1985(3).

71. In the course and scope of the underlying meritless litigation, (i.e., 3762), as described more fully above, the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law,  fabricated evidence and obstructed discovery which would have exposed the fabrication of evidence. The Plaintiffs presented evidence, by way of court filings, which conclusively demonstrated the presence of fabricated evidence, subornation of perjury and perjury to which the Defendants colluded. The Plaintiffs were at all times relevant prevented, by the Defendants, from utilizing live testimony to demonstrate the legal inexactitude of the causes of action asserted against them.

72. The misconduct, deceit and fabrication of evidence exercised by the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, was the sine qua non necessary for the Defendants to visit harm on the Plaintiffs.

73. The Defendants deliberate actions taken without any jurisdictional basis and in the clear absence of any and all jurisdiction, but under color of law resulted in the denial of the constitutional rights of the Plaintiffs, particularly with respect to notice and opportunity to be heard as well as the deprivation of their collective rights, guaranteed pursuant to the U.S. Constitution, to a fair trial.

74. All of the above was perpetrated by the Defendants in their conspiratorial drive to deny the Plaintiffs their rights, particularly their rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and in violation of 42 U.S.C., section 1983 and section 1985(3).

75. As a result of this violation of their constitutional rights as to due process as well as to a fair trial, the Plaintiffs have suffered, at the hands of the Defendants, individually and collectively, and will continue to suffer, injuries, economic damages, emotional distress, loss of valuable property, pain, embarrassment and humiliation while the Defendants reap the benefits of their ill-gotten gains.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in**

**this Complaint, and for such other and further relief as is deemed just**

**and reasonable, derivative from the facts set forth in this complaint and**

**allowed under the cited Federal enactment.**

### THIRD CAUSE OF ACTION
### Violation of Civil Rights---42 U.S.C., section 1983
### Equal Protection

76. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-46, Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in the Complaint.

77. As described more fully above, the Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law, denied the Plaintiffs of equal protection of the law in contravention of their constitutional rights.

78. Specifically, the Defendants actively participated in, or personally caused, the abuse of the Plaintiffs in a manner calculated to coerce submission to the nefarious goals of the Defendants and, for the Defendants to unlawfully secure money and property belonging to the Plaintiffs. The modus operandi described in this complaint appears to be motivated by animus and/or bias, which racial bias and/or gender bias constituted a purposeful discrimination.

79. As a result of this violation, Plaintiff suffered and continues to suffer economic loss and emotional distress as set forth in this complaint.

**80. WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

## FOURTH CAUSE OF ACTION

### Violation of Civil Rights---42 U.S.C., section 1985(3)
### Conspiracy to Deprive Constitutional Rights

81. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-46, Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in the Complaint.

82. As set forth in the incorporated paragraphs, each of the Defendants conspired, directly or indirectly, for the purpose of depriving the Plaintiffs of Equal Protection of the Law.

83. In so doing, each of the Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiffs.

84. The unlawful conduct complained of and described in this complaint was undertaken with malice, willfulness and reckless indifference to the rights of others.

85. The unlawful conduct described in this complaint was undertaken pursuant to the policy and practice of the Defendants in the manner described more fully in those paragraphs of this Complaint which paragraphs are indicated as incorporated by reference.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

**FIFTH CAUSE OF ACTION**
42 U.S.C. section 1983
Conspiracy to Deprive Plaintiffs of Constitutional Rights.

86. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue, Paragraphs 3-4, Parties, Paragraphs 5-46, Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in the Complaint.

87. Each of the Paragraphs set forth in this Complaint is incorporated by reference as if more fully set forth herein.

88. At a point in time as yet unknown to the Plaintiffs, the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, reached an agreement amongst themselves to formulate a complaint naming the Plaintiffs and alleging serious misconduct on their part, including but not limited to abuse of the elderly pursuant to *Fla.Stat. 415.1111*.

89. By orchestrating this conspiracy, all of the Defendants, intended to deprive the Plaintiffs of their constitutional rights, under color of law as described in the paragraphs incorporated by reference.

90. The Defendants knew that their conspiracy was without merit and the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, have admitted to same. Indeed, the order issued at their collective behest, awarding nearly $400,000.00 in attorney fees to Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann to be paid by the Plaintiffs in this action acknowledges that the original case, *3762*, was "dead on arrival", i.e., meritless and acting in the clear absence of any and all jurisdiction. The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A.

Baumann and Defendant Baumann/Kangas Estate Law, have acknowledged that they utilized a bad faith filing to unlawfully confiscate property of the Plaintiffs, to deny Plaintiffs of their right to trial, to 'bury" the exculpatory evidence submitted by the Plaintiffs and to then unlawfully award attorney fees against Plaintiffs the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, attempted to elevate or legitimize a bad faith filing. (Some might refer to this as putting lipstick on a pig; the pig remains a pig).

91. In this manner all of the Defendants acting in concert with each other and, as yet, unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

92. In furtherance of the conspiracy each of the co-conspirators committed an overt act or subscribed to the commission of an overt act, and each of the co-conspirators became a willful participant in joint activity.

93. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated, and the Plaintiffs have suffered substantial financial damages as well as severe emotional distress and anguish.

94. The illicit activity described in this count, and in the incorporated paragraphs was undertaken with malice, willfulness, and reckless indifference to the rights of others. **See Exhibit "5", Sworn statement of E. Michael Isaak.**

95. The illicit activity described in this count and in the incorporated paragraphs was undertaken pursuant to the policy and practice of the Defendants in the manner described more fully in the incorporated paragraphs and was tacitly ratified by the Defendants who exercised policy making authority.

96. **WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

## SIXTH CAUSE OF ACTION

42 U.S.C., section 1983
Denial of Access to the Courts

97. The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction and Venue; Paragraphs 3-4, Parties; and Paragraphs 5-46, Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in this Complaint.

98. In the manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied the Plaintiffs access to the courts by their wrongful suppression of exculpatory evidence thereby denying the Plaintiffs of their ability to defend themselves and of asserting constitutional claims against the Defendants.

99. Other claims to which the Plaintiffs could have had recourse to seek redress were diminished by the passage of time, (nearly seven years), and the accompanying erosion of evidence necessary to prove such claims.

100.     The illicit conduct described in this count and in this Complaint was undertaken with malice, willfulness, and reckless indifference to the rights of others.

101.     The illicit activity described in this count and in this Complaint was undertaken pursuant to the policy and practice of the Defendants as has been described in the incorporated paragraphs of this Complaint. The acts and actions attributed to the defendants in this matter were done under color of law for the purpose of depriving the Plaintiffs of rights, privileges and/or immunities guaranteed under the U.S. Constitution.

**WHEREFORE, The Plaintiffs seek injunctive relief prohibiting the visitation of further harm from the Defendants as to the Plaintiffs, an award of attorney fees and costs in favor of the Plaintiffs, directed at the**

**Defendants occasioned by the actions of the Defendants as set forth in this Complaint, and for such other and further relief as is deemed just and reasonable, derivative from the facts set forth in this complaint and allowed under the cited Federal enactment.**

## State Law Claim
## SEVENTH CAUSE OF ACTION
## CIVIL CONSPIRACY

102.    The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in this Complaint.

103.    At all times relevant in this complaint, the named Defendants did in fact combine, collude and conspire to achieve by concerted action the accomplishment of an unlawful purpose or, alternatively, the accomplishment of a lawful purpose by unlawful means. At all times relevant the defendants conspired to, and in fact accomplished acts, unlawfully, willfully, and maliciously that resulted in injury to the Plaintiffs.

104.    In short, the Defendants did conspire to do an unlawful act, or acts, or to do a lawful act or acts by unlawful means.

105.      The Defendants in this action perpetrated overt act or acts in the pursuance of their conspiracy directed at the Plaintiffs.

106.      As a result of the acts perpetrated by the Defendants in furtherance of the conspiracy financial harm was done to the Plaintiffs.

107.      The basis of this cause of action, i.e., conspiracy, is the doing of an action a cause of action in conspiracy, together with those paragraphs included by reference, demonstrates a conspiracy by and among the defendants the purpose of which was to do an unlawful act. The unlawful acts include, but are not limited to, the use by the Defendants of false orders; confiscation of Homestead Property in contravention of the Florida Constitution and those cases decided thereunder.  These overt act(s) were undertaken by or on behalf of the members of the conspiracy in pursuance of the goal(s) of the conspiracy and damage to the Plaintiffs was realized as a result of the act(s) performed in furtherance of the conspiracy.  At all times relevant the Defendants possessed actual knowledge or constructive knowledge of the actions of their co-conspirators. The co-conspirators, either participated in the actions set forth in the incorporated paragraphs or, with knowledge of the intent of their fellow co-conspirators, acquiesced in the goals of the conspiracy by their willful blindness/indifference.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages; damages are in excess of $1,000,000.00; and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## EIGHTH CAUSE OF ACTION
## Civil RICO
## CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT

108.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in this Complaint.

109.     Pursuant to *Fla. Stat. 772.103 et seq., Fla. Stat. 772.103(2), Fla. Stat. 772.103(3)* it is unlawful for any person through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property. Further, it is unlawful to conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

*110.*     The Plaintiffs have a cognizable cause of action under *Fla.Stat.*

*772.103 et seq., and Fla. Stat. 772.104.*

111.     The Plaintiffs have been injured by reason of the Defendants actions

and conspiracy to commit those actions which resulted in harm to the

Plaintiffs and severe economic loss.

112.     The nature of the existence of the relationship between and among the

Defendants in this matter constitutes an enterprise the purpose of which was

to divest, confiscate, expropriate and otherwise unlawfully obtain the

property, both real and personal, as well as cash, belonging to the Plaintiffs.

113.     The continuing pattern of unlawful behavior on the part of the

Defendants, was directed, repeatedly, at the named Plaintiffs as well as third

parties not named in this law suit whose rights and property was similarly

confiscated, seized, and otherwise unlawfully taken under color of law.

114.     At all times relevant to this matter, Defendant Michael Ryan Kangas,

Defendant Phillip A. Baumann, Defendant Baumann/Kangas Estate Law,

Defendant Jason Gordillo, Defendant Deputy Jonathan Carlton, Defendant

Corporal Gary Harris and  Defendant Chad Chronister in his Official

Capacity of as Sheriff of HCSO constituted an association under which they

exercised their authority to violate the rights and confiscate the property of

the named Plaintiffs as well as the rights and property of individuals not

presently named as Plaintiffs in this complaint.

115.     The conduct complained of as to the Defendants in this complaint

constitute a pattern of racketeering activity which manifested itself in the

commission of multiple incidents of racketeering or racketeering conduct that

have the same or similar intents, results, accomplices, victims or methods of

commission or that are otherwise interrelated by distinguishing

characteristics and are not isolated incidents, as set forth in those paragraphs

of this Complaint which paragraphs are incorporated by reference.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages occasioned by the intentional infliction of emotional distress, attorney fees, punitive damages; damages are in excess of $1,000,000.00; and such other and further relief as is deemed just and reasonable and derivative from the facts set forth in this complaint.**

## State Based Cause of Action

### NINETH CAUSE OF ACTION
### UNLAWFUL EVICTION

116.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46

of Statement of Facts, and Paragraphs 49-57, 59-64, as set forth in this

Complaint.

117.     The subject Homestead Property was, at all times relevant, Homestead

Property, subject to the protections afforded Homestead Property as set forth

at Article X, section 4 of the Florida Constitution. The Defendants at all

times relevant conspired to confiscate the property and did so by way of an

unlawful order issued by the Court in 3762.

118.     The Homestead Property is located in Hillsborough County, Florida

and more fully described as:

    **ALL of Lot 30 and the South 31 Feed of Lot 29 of**
**KENTEL PARK SUBDIVISION, as per the recordation**
**In Plat Book 12 on Page 665 of the Public Records of**
**Hillsborough County, Florida.**
**The address is 119 South Clark Avenue,**
**Tampa, Florida 33609**

119.     On or about 4 April 2014, the Defendants conspired to utilize an order

of the Probate Court which order was false and was known by the Defendants

to be false.

120.     The false order was utilized by the Defendants to empower third

parties to evict the Plaintiffs, the family in residence at the Homestead

Property. The Plaintiffs were allowed 15 minutes to depart.

121.     At the time of the unlawful eviction the property was classified as Homestead Property, The Property was classified as such from its construction in approximately 1971 and is so classified presently.

122.     Neither the Defendants nor their agents at any time held any right, title or interest in the subject Homestead Property. The Homestead Property was not before the court in that the court lacked in rem jurisdiction over the Homestead Property.

123.     There is no caselaw extant in the State of Florida which would permit the taking of the subject Homestead Property under these facts.

124.     The Court stated, in court and on the record in the presence of representatives of the media, that he caused the Homestead Property to be confiscated because the present Plaintiff Teresa Gaffney had violated his discovery order. In short, the Court confiscated the Homestead Property of one of the present Plaintiffs as a sanction against a second present Plaintiff. The Florida Constitution does not permit the taking of Homestead Property as a sanction. There were no orders issued by the Judge Barbas relative to Plaintiff Teresa Gaffney as to discovery.

125.     Upon information and belief, the Plaintiffs avers that the motivation of the Defendants was to cover up the theft of an estimated $1,000,000.00 in

assets from the estate of John J. Gaffney which was taken with the help of Defendant Phillip A. Baumann and Defendant Baumann/Kangas and covered up by Defendant Kangas.

126.      In furtherance of the concerted action of expropriation of Homestead Property the Defendants, as set forth in Paragraphs 5-46, 49-57, 59-64 conspired in the expropriation of Homestead property.

127.      It is established law, Constitutionally and case made, that Homestead Property cannot be seized and/or levied against except under three Constitutional exceptions to the Homestead Exemption. None of the three exceptions to the Homestead exemption are applicable in this matter. The Defendants having no Constitutional Authority nor statutory authority to take the Homestead Property.

128.      Testimony offered by a witness in the lower proceeding, i.e., 3762, unequivocally stated that the subject real property was Homestead Property. This statement was unchallenged by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann. No testimony was offered by Defendant Michael Ryan Kangas and Defendant Phillip A. Baumann in opposition to the referenced testimony. Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law cited this evidentiary submission in its pleadings without contrary argument.

129.     A Notice of Homestead was filed and served as to the subject

property by the holder/declarer of Homestead Status of the property

confiscated. **See Exhibit "3"**.

130.     No response or challenge to the Declaration of Homestead was

offered by Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann

and Defendant Baumann/Kangas Estate Law.

131.     There are no cognizable facts which would undermine the Homestead

Status of the subject property.

132.     There is no cognizable law which would support the confiscation of

Homestead Property by the Defendants in this matter under the controlling

facts.


**WHEREFORE, The Plaintiffs seek an award of compensatory damages,
damages occasioned by the intentional infliction of emotional distress,
attorney fees, punitive damages; damages are in excess of $1,000,000.00;
and such other and further relief as is deemed just and reasonable and
derivative from the facts set forth herein.**


**<u>State Based Cause of Action</u>**

**<u>TENTH CAUSE OF ACTION</u>**
**<u>VIOLATION OF FLORIDA STATUTE 817.535</u>**

133.     The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts and Paragraphs 49-57, 59-64, 119-132, as set forth in this Complaint.

134.     The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, caused/allowed the imposition of a lis pendens on the Homestead Property, without the posting of a bond. The Defendants proceeded in contravention of Article I, section 9 of the Florida Constitution and Article X, section 4 of the Florida Constitution.

135.     The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, notwithstanding their complete lack of any semblance of jurisdictional authority, allowed the imposition of a lis pendens on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

136.     The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, caused to be filed in the public records a lis pendens, a false document as defined in Fla.Stat. 817.535.

137.    The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip

A. Baumann and Defendant Baumann/Kangas Estate Law, each meet the

statutory requirements as to "Filer", Fla.Stat. 817.535(1)(b).

138.    The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip

A. Baumann and Defendant Baumann/Kangas Estate Law, meet the statutory

requirement as to the filing of an "Instrument", (Fla. Stat. 817.535(1)(c).

139.    The actions taken by the Defendants, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, meet the statutory requirement as

to "Official record";

The Plaintiff, Teresa M. Gaffney, qualifies as "Public Officer or employee",

Fla.Stat. 817.535(1)(e).

140.    The materially false lis pendens has remained a filed instrument filed

in furtherance of the conspiracy of the Defendants, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law, to confiscate the Homestead Property of the Plaintiffs, for

approximately seven years. The sole purpose and intent of the filing of the

materially false lis pendens was to defraud and/or harass the Plaintiffs. Each

document filed constitutes a violation. Each day in which the false lis

pendens is filed constitutes a further violation of the provisions of Fla.Stat.

817.535 and as such entitle the Plaintiffs to an award of damages, an award

of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat.

817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set

forth in Fla.Stat. 768.72 as well as those further sanctions contained in

Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for and seek recovery of:**

**compensatory damages, statutory damages, attorney fees and costs as**

**well as punitive damages; damages are in excess of $1,000,000.00; as**

**provided in the cited statute and for such other and further relief as is**

**set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855 and foer such other**

**and further relief as this Court deems just and proper.**

<u>**State Based Cause of Action**</u>
**ELEVENTH CAUSE OF ACTION**
**THEFT OF PERSONAL PROPERTY**

141.    The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46

of Statement of Facts and Paragraphs 49-57, 59-64, 119-132, as set forth in

this Complaint.

142.    The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip

A. Baumann and Defendant Baumann/Kangas Estate Law, caused the

unlawful eviction of the family, i.e., The Plaintiffs, from their Homestead

Property and thereby rendered the family homeless in contravention of Article X, section 4 of the Florida Constitution.

143.     As a result of the unlawful eviction of the Plaintiffs, the Plaintiffs and family members lost a substantial amount of personal property including, but not limited to, two automobiles, military equipment issued to one of the family members, firearm(s) and ammunition, and other personal property valued well in excess of $100,000.00 and the death of three family pets.

144.     In the course of the theft occasioned by the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, additional damage was caused as to real and/or personal property of another in excess of $1,000.00.

145.     During the course of the theft occasioned by the actions of the Defendants two (2) fire extinguishers, installed for the purpose of fire prevention and control were unlawfully taken.

146.     **WHEREFORE, The Plaintiffs seek an award of compensatory damages, damages are in excess of $1,000,000.00, damages occasioned by the perpetration of fraud by the Defendants, compensation for the intentional infliction of emotional distress, upon the Plaintiffs by the acts/actions of the Defendants, attorney fees, and such other and further**

**relief as is deemed just and reasonable and derivative from the facts set forth herein.**

<u>**State Based Cause of Action**</u>
**TWELFTH CAUSE OF ACTION**
**DEFAMATION**

147.    The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts, Paragraphs 49-57, 59-64, 119-132, 134-140, as set forth in this Complaint.

148.    Throughout the nearly seven years of this unfounded and patently unlawful litigation the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, engaged in publishing materially false court filings which the Defendants knew, or in the reasonable exercise of their oath, would learn were materially false.

149.    The publication and adoption of the materially false allegations as to the Plaintiffs was, and is, harmful to the reputation of the Plaintiffs. Specifically, the false narrative exported by the Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, disparaged the honesty and integrity of the Plaintiffs. The Defendants, Defendant Michael Ryan Kangas, Defendant

Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, have

implied and/or stated that the Plaintiffs exploited John J. Gaffney. The

documentation, including affidavits from third parties filed with the Court,

established that the Plaintiffs financially helped John J. Gaffney.  See Exhibit

"4".

150.     The allegations as to the character of the Plaintiffs is implicit, if not

actually stated in the filings of the Defendants, Defendant Michael Ryan

Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas

Estate Law.

151.     The Defendants, Defendant Phillip A. Baumann and Defendant

Baumann/Kangas Estate Law, allowed the materially false statements as to

the Plaintiffs to be published knowing that such statements were materially

false and would have a pernicious effect upon the character of the Plaintiffs.

152.     As a result of the defamatory conduct of the Defendants, Defendant

Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant

Baumann/Kangas Estate Law, as to the Plaintiffs the Plaintiffs have suffered

harm, economic loss, loss of professional standing and has been irreparably

compromised in the furtherance of their professional goals.

153.     **WHEREFORE, The Plaintiffs seek an award of compensatory**

**damages, damages are in excess of $1,000,000.00, damages occasioned by**

**the perpetration of fraud by the Defendants, compensation for the**

**intentional infliction of emotional distress, upon the Plaintiffs by the**

**acts/actions of the Defendants, attorney fees, and such other and further**

**relief as is deemed just and reasonable and derivative from the facts set**

**forth herein.**

## THIRTEENTH CAUSE OF ACTION
## <u>NEGLIGENCE AS TO HCSO</u>

154.    The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46

of Statement of Facts, Paragraphs 49-57, 59-64, 119-132, 134-140, as set

forth in this Complaint.

155.    At all times relevant the Defendant, Chad Chronister, in his official

capacity as Sheriff of Hillsborough County, (hereinafter referenced as,

"Chronister/HCSO"), and HCSO owed a duty to the citizens of Hillsborough

County to perform his tasks as Sheriff with regard to due diligence as

required in carrying out the laws, orders of the court and other related duties

attendant upon his position as Sheriff.

156.    The Plaintiffs were the intended beneficiaries of the duty of faithful

performance required of the Sheriff as to the citizens of Hillsborough County.

157.     The Plaintiffs reasonably expected that the Sheriff would, in his

official capacity, ensure that the performance of law enforcement and law

functions would be carried out with congruence as to the laws and procedures

required by the legislature in its enactment of Florida Statutes and the

Constitution of the State of Florida created for and on behalf of the people of

the State of Florida.

158.     In all respects Defendant Chronister/HCSO failed to perform

significant duties expected of his office and such failure impacted in a

negative fashion on the Plaintiffs.

159.     Defendant Chronister/HCSO failed: (a) to create an environment in

which his legal staff as well as his law enforcement staff were knowledgeable

as to specific duties expected of them; (b) in his sworn testimony, Defendant

Jason Gardillo indicated that he was charged with assessing the correctness

of the document which he received which purportedly established a legal

basis upon which HCSO personnel could evict a family from their

Homestead Property; (b) Defendant Jason Gardillo indicated that he

possessed little, if any, knowledge as to the mechanics of Article X, section 4

of the Florida Constitution; (c) Defendant Gardillo indicated that he was

unaware of the existence of any training materials relative to that function;

(d) Defendant Gardillo indicated that he failed to apply Federal Law to the

case at hand and indicated a lack of knowledge as to the automatic stay

provision of the Federal Bankruptcy Code; ( e) Defendant Gardillo could not

distinguish between an order on a Motion to Dismiss and a Final Judgment;

(f) Defendant Gardillo was unaware as to whether or not there existed an

underlying money judgment as to the homestead property.

160.    The failure of Defendant Chronister/HCSO to properly train his staff

is evident in sworn testimony of his Deputies, Defendant Deputy Jonathan

Carlton and Defendant Corporal Gary Harris, who indicated an awareness of

the filing of a Bankruptcy Petition and the interposition of the Automatic

Stay but elected to ignore same.

161.    During the progress of the unlawful eviction the Deputies, Defendant

Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  initially

refused to allow the family to retrieve its pets. One of the Deputies confirmed

this in his sworn testimony and stated that the pets would be compelled to

remain in the house, which is to say, die a slow and painful death.

162.    This behavior on the part of Defendant Gardillo and the Deputies,

Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris,  is

indicative of their lack of training. This lack of training, with all of its evil

consequences, is a function of the breach of duty on the part of Defendant

Chronister/HCSO.

163.     The failure to properly recruit and/or train Defendant Gardillo,

Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, is

a breach of the duty owed by Defendant Chronister/HCSO to the Plaintiffs,

specifically, and to the citizens of the State of Florida, generally.

164.     As a result of the negligence of Defendant Chronister/HCSO, and the

breach of the duty owed by Defendant Chronister/HCSO as to the Plaintiffs,

the Plaintiffs have been damaged.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**negligence of Chronister/HCSO and, further, the Plaintiffs seek**

**compensation for the negligent acts perpetrated upon the Plaintiffs by**

**the acts/actions of the Defendant Chronister/HCSO together with**

**attorney fees, costs and such other and further relief as is deemed just**

**and reasonable and derivative from the facts set forth herein.**

### FOURTEENTH CAUSE OF ACTION
### NEGLIGENCE OF GARDILLO/HCSO,
### CORPORAL HARRIS AND DEPUTY CARLTON.

165.     The Plaintiffs incorporate by reference, as if more fully set forth

herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-

37, 38-46 of Statement of Facts, Paragraphs 49-57, 59-64, 119-132, 134-140, 155-163, as set forth in this Complaint.

166.    At all times relevant the Defendants, Defendant Jason Gardillo, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, individually, and in their official capacity as an agent, servant and/or employee of HCSO, owed a duty to the citizens of Hillsborough County to perform their tasks as an agent/servant/employee of HCSO with due diligence as required in carrying out the laws, orders of the court and other related duties attendant upon his position.

167.    The Plaintiffs were the intended beneficiaries of the duty of faithful performance required of Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, as to the citizens of Hillsborough County.

168.    The Plaintiffs reasonably expected that Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, would, in their individual and/or official capacity, ensure that the performance of law enforcement functions and law functions would be carried out in conformity with the laws and procedures required by the legislature in its enactment of Florida Statutes and the Constitution of the

State of Florida created for and on behalf of the people of the State of

Florida.

169.      In all respects Defendant Gardillo/HCSO, Defendant Deputy Jonathan

Carlton and Defendant Corporal Gary Harris, failed to perform significant

duties expected of their office and such failure impacted in a negative fashion

on the Plaintiffs.

170.      Defendant Gardillo/HCSO failed: (a) to familiarize himself with the

laws and procedural requirements expected of him in the performance of his

duties; (b) in his sworn testimony, Defendant Jason Gardillo,  indicated that

he was charged with assessing the correctness of the document which he

received which purportedly established a legal basis upon which HCSO

personnel could evict a family from their Homestead Property; (b) Defendant

Jason Gardillo indicated that he possessed little, if any, knowledge as to the

mechanics of Article X, section 4 of the Florida Constitution; (c) Defendant

Gardillo indicated that he was unaware of the existence of any training

materials relative to that function; (d) Defendant Gardillo indicated that he

failed to apply Federal Law to the case at hand and indicated a lack of

knowledge as to the automatic stay provision of the Federal Bankruptcy

Code; ( e) Defendant Gardillo could not distinguish between an order on a

Motion to Dismiss and a final judgment; (f) Defendant Gardillo was unaware

as to whether or not there existed an underlying money judgment as to the homestead property and, if such money judgment existed, whether it could operate to the detriment of homestead property.

171.     Defendant Gardillo, as a member of the HCSO, had a duty to acquire the necessary knowledge required for the discharge of his duties.

172.     Defendant Gardillo breached this duty as expressed in his sworn testimony.

173.     The failure of Defendant Gardillo/HCSO, to properly acquire the knowledge necessary to carry out his duties is evident in sworn testimony of Defendant Gardillo who indicated an awareness of the filing of a Bankruptcy Petition and the interposition of the Automatic Stay but elected to ignore same.

174.     During the progress of the unlawful eviction the Deputies, Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, on the scene initially refused to allow the family to retrieve its pets. One of the Deputies confirmed this in his sworn testimony and stated that the pets would be compelled to remain in the house, which is to say, die a slow and painful death. Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, refused to speak to the Plaintiffs' attorney but spoke with Defendant Phillip A. Baumann and Defendant Michael Ryan Kangas.

175.     This behavior on the part of Defendant Gardillo and the Deputies,

Defendant Deputy Jonathan Carlton and Defendant Corporal Gary Harris, is

indicative of a profound lack of training. This lack of training, with all of its

evil consequences, is a function of the breach of duty on the part of

Defendant Gardillo/HCSO, Defendant Deputy Jonathan Carlton and

Defendant Corporal Gary Harris.

176.     Defendant Gardillo, an attorney licensed to practice law in the state of

Florida. Defendant Gardillo's lack of knowledge as to the significant task

assigned to him, resulted in the unlawful taking of homestead property which

is a breach of the duty owed by Defendant Gardillo/HCSO to the Plaintiffs,

specifically, and to the citizens of the State of Florida, generally.

177.     As a result of the negligence of Defendant Gardillo/HCSO, Defendant

Deputy Jonathan Carlton and Defendant Corporal Gary Harris, and the

breach of the duty owed by Defendant Gardillo/HCSO, Defendant Deputy

Jonathan Carlton and Defendant Corporal Gary Harris,  to the Plaintiffs, the

Plaintiffs have been damaged.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**negligence of Defendant Gardillo/HCSO, Defendant Deputy Jonathan**

**Carlton and Defendant Corporal Gary Harris,  and, further, the**

**Plaintiffs seek compensation for the negligent acts perpetrated upon the**

**Plaintiffs by the acts/actions of the Defendant Gardillo/HCSO,**

**Defendant Deputy Jonathan Carlton and Defendant Corporal Gary**

**Harris, together with attorney fees, costs and such other and further**

**relief as is deemed just and reasonable and derivative from the facts set**

**forth herein.**

### FIFTEENTH CAUSE OF ACTION
### <u>FRAUD ON THE PART OF PHILLIP A BAUMANN</u>

The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts, and Paragraphs 49-57, 59-64, 119-132, 134-140, as set forth in this Complaint.

178.	The Defendants, Defendant Michael Ryan Kangas, Defendant Phillip A. Baumann and Defendant Baumann/Kangas Estate Law, fraudulently caused/allowed the imposition of a lis pendens on the Homestead Property, without the posting of a bond. In contravention of Fla.Stat. 817.535. The Defendants proceeded in the clear absence of subject matter jurisdiction over property not within their grant of jurisdiction and in contravention of Article I, section 9 of the Florida Constitution and Article X, section 4 of the Florida Constitution.

179.     The Defendants, notwithstanding their complete lack of any
semblance of jurisdictional authority or statutory authority, allowed the
imposition of a lis pendens on Homestead Property in further contravention
of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

180.     The Defendants caused to be filed in the public records a lis pendens,
a false document as defined in Fla.Stat. 817.535.

181.     The Defendants meet the statutory requirements as to "Filer", Fla.Stat.
817.535(1)(b).

182.     The Defendants meet the statutory requirement as to the filing of an
"Instrument", (Fla. Stat. 817.535(1)(c).

183.     The actions taken by the Defendants meet the statutory requirement as
to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat.
817.535(1)(e).

184.     The materially false lis pendens has remained a filed instrument filed
fraudulently in furtherance of the conspiracy of the Defendants to confiscate
the Homestead Property of the Plaintiffs. This fraudulently filed instrument
has been so filed for approximately seven (7) years. The sole purpose and
intent of the filing of the materially false and fraudulent lis pendens was to
defraud and/or harass the Plaintiffs. Each document filed constitutes a

violation. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, an award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for, and seek. recovery of: compensatory damages, statutory damages, attorney fees and costs as well as punitive damages; the damages requested are in excess of $1,000,000.00; as provided in the cited statute and for such other and further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855 and for such other and further relief as this Court deems just and proper.**

### State Based Cause of Action
### SIXTEENTH CAUSE OF ACTION
### FRAUD AS TO MICHAEL KANGAS

185.            The Plaintiffs incorporate by reference, as if more fully set forth herein, Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of Statement of Facts, and Paragraphs 49-57, 59-64, 119-132, 134-140, 178-184,  as set forth in this Complaint.

186.      The Defendant, Defendant Michael Kangas, fraudulently caused/allowed the imposition of a lis pendens on the Homestead Property, without the posting of a bond. In contravention of Fla.Stat. 817.535. The Defendants proceeded in the clear absence of subject matter jurisdiction over property not within their grant of jurisdiction and in contravention of Article I, section 9 of the Florida Constitution and Article X, section 4 of the Florida Constitution.

187.      The Defendants, notwithstanding their complete lack of any semblance of jurisdictional authority or statutory authority, allowed the imposition of a lis pendens on Homestead Property in further contravention of Fla.Stat. 817.535. et seq., and Fla. Stat. 843.0855.

188.      The Defendants caused to be filed in the public records a lis pendens, a false document as defined in Fla.Stat. 817.535.

189.      The Defendants meet the statutory requirements as to "Filer", Fla.Stat. 817.535(1)(b).

190.      The Defendants meet the statutory requirement as to the filing of an "Instrument", (Fla. Stat. 817.535(1)(c).

191.      The actions taken by the Defendants meet the statutory requirement as to "Official record";

The Plaintiffs qualify as "Public Officer or employee", Fla.Stat. 817.535(1)(e).

192.    The materially false lis pendens has remained a filed instrument filed fraudulently in furtherance of the conspiracy of the Defendants to confiscate the Homestead Property of the Plaintiffs. This fraudulently filed instrument has been so filed for approximately seven (7) years. The sole purpose and intent of the filing of the materially false and fraudulent lis pendens was to defraud and/or harass the Plaintiffs. Each day constitutes a further violation of the provisions of Fla.Stat. 817.535 and as such entitle the Plaintiffs to an award of damages, per diem, an award of attorney fees, per diem, an award of costs and, pursuant to Fla.Stat. 817.535 (8)(b)(2) an award of punitive damages, subject to the criteria set forth in Fla.Stat. 768.72 as well as those further sanctions contained in Fla.Stat. 817.535 and Fla.Stat. 843.0855.

**WHEREFORE, The Plaintiffs pray for, and seek. recovery of: compensatory damages, statutory damages, attorney fees and costs as well as punitive damages; the damages requested are in excess of $1,000,000.00; as provided in the cited statute and for such other and further relief as is set forth in Fla.Stat. 817.535 and Fla.Stat. 843.0855 and for such other and further relief as this Court deems just and proper.**

## SEVENTEENTH COUNT CAUSE OF ACTION
## FRAUD AS TO BAUMANN/KANGAS ESTATE LAW

The Plaintiffs incorporate by reference as if more fully set forth herein,

Paragraphs 1-2, Jurisdiction; Paragraphs 3-4, Parties; Paragraphs 5-46 of the

Statement of Facts, and Paragraphs 49-57, 59-64, 119-132, 134-140, 178-184,

186-192, as set forth in the Complaint.

193.    The Defendants in filing documents throughout the, approximately,

last seven years of this case have caused the circulation of a materially false

narrative relative to the Plaintiffs.

194.    The Defendants knew, or should have known, that their court filings

contained specific statements that were untrue.

195.    The false statements concerned material facts relative to the

underlying case, i.e., 3762 and as to the Plaintiffs, herein.

196.    As a result of the false and fraudulent statements of material facts the

Plaintiffs suffered injuries both financial and otherwise. The injuries suffered

by the Plaintiffs as a result of the publication of false and fraudulent

statements by the Defendants is ongoing.

197.    The materially false and fraudulent statements have been received by

the unsuspecting public with justifiable confidence.

198.     The intent of the Defendants is to dupe unsuspecting individuals and

encourage such individuals, as a result of the false and fraudulent

representations made by the Defendants to purchase the confiscated

Homestead property of the Plaintiffs.

**WHEREFORE, The Plaintiffs seek an award of compensatory damages,**

**damages are in excess of $1,000,000.00, damages occasioned by the**

**perpetration of fraud by the Defendants, compensation for the intentional**

**infliction of emotional distress, upon the Plaintiffs by the acts/actions of**

**the Defendants, attorney fees, and such other and further relief as is**

**deemed just and reasonable and derivative from the facts set forth herein.**


Submitted this 24th day of October, 2021, for and on behalf of the Plaintiffs.

Note: Attorney Sussman has a limited role due to severe health issues. The

electronic filing was done by the Office of Dov Sussman, P.A.

by:


PRO SE:
*/s/ Teresa M. Gaffney*
Teresa M. Gaffney, Pro Se
P.O. Box 18112
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail: dovsussman91@gmail.com

_/s/ Sarah K. Sussman_
Sarah K. Sussman, Pro Se
P.O. Box 18112
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail: dovsussman91@gmail.com


ATTORNEYS FOR PLAINTIFFS:
_/s/James J. Macchitelli, Esq._
James J. Macchitelli
Illinois Bar Number 6208773
1501 Perimeter Drive #400
Schaumberg, Illinois 60173
(847)-414-4532
jimmymacclaw@gmail.com
To be Admitted Pro Hac Vice

_/s/Dov Sussman, Esq._
Dov Sussman
FBN:518920
P.O. Box 18112
(813) 992-2889
Tampa, Florida 33679
Tel.: (813) 287-1159
e-mail: dovsussman91@gmail.com
Note: Attorney Sussman has a limited role due to severe health issues.